NEW YORK GUARANTY & INDEMNITY CO. (UNITED STATES v.). See Case No. 15,872.

NEW YORK GUARANTY & INDEMNITY CO. (YARDLEY v.). See Case No. 18,-125.

NEW YORK GUTTA PERCHA, ETC., CO. (GOODYEAR v.). See Case No. 5,580.

NEW YORK GUTTA PERCHA COMB CO. (POPPENHUSEN v.). See Cases Nos. 11,281–11,283.

## Case No. 10,205.

NEW YORK HARBOR TUGBOAT CO. v. The WYOMING.

[2 N. J. Law J. 278.]

District Court, D. New Jersey. July 22, 1879.

MARITIME LIENS—SUBSTITUTION OF ONE VESSEL FOR ANOTHER—LIBEL FOR SERVICES AS FOR SALVAGE.

A steamboat making regular daily trips on tide waters having become disabled, her owners arranged with the owners of another boat that the latter should make one trip in the place of the former for a certain sum. The trip was made, but was not paid for. A libel in rem filed against the former boat as for services in the nature of salvage was dismissed with costs.

Libel in rem.

NIXON, District Judge. The libel sets forth the following case: The steamboat Wyoming was a passenger and freight boat running between New Brunswick and New York, through tide waters, making daily trips, Sundays excepted, on regular time, leaving New Brunswick in the morning and New York in the afternoon on her return trip. On the 17th of December, 1878, the Wyoming being at the city of New York, became disabled, her steam chimney needing repairs, so that she was not able to make her return trip on that day. Her owner, in company with the captain, arranged with the tow boat Seth Low, a large side wheel steamer belonging to the libellant corporation, to take her place, and make a trip to and from New Brunswick, carrying freight and passengers each way, for the price of ninety dollars. The service was duly performed by the Seth Low, but was never paid for, and the libellants claim that they had a lien upon the Wyoming and have now a lien upon the remnants and surplus in the registry of the court, for the amount due thereon, on the ground that the service was maritime and in the nature of salvage, and was rendered to the Wyoming in distress, to save her from loss and damage by enabling her to fulfil her contracts for the carriage of passengers and freights. I am quite clear that such a suit cannot be maintained. The transaction has none of the characteristics of a salvage service, as stated by the libellant; nor am I able to understand upon what principle a libel can be claimed to exist against the Wyoming for the sum of money that her owner agreed to pay for the use of the libellant's vessel. That she took the place of the Wyoming in running to New Brunswick and back, under a special contract determining the amount of compensation to be paid, does not give any more lien upon the Wyoming than upon any other property which her owner happened to have at the time. The proceedings seem to have been founded upon the idea that the law compelled the Wyoming to make her trip on that day, and that she would be involved in claims for damages if for any reason she failed to do so. But a general notice or advertisement that a vessel will make daily

trips from one port to another does not compel the owner to respond in damages, if, from accident or other cause, she fails to perform a trip. It might be different if tickets were sold or merchandise received for a particular day, and special loss could be shown, arising from the failure of the boat to go upon that day. But nothing of that sort is alleged or proved in the present case.

The libellants have their remedy in the courts of the common law upon the contract with the owner, and the libel must be dismissed, with costs.